# McNally & Associates, L.L.C.
## Attorneys at Law

Stephen B. McNally

Newark, NJ
New York, NY

93 Main Street, Suite 201
Newton, New Jersey 07860
Phone: (973) 300-4260
Fax: (973) 300-4264
email:steve@mcnallylawllc.com

November 4, 2019

**By Electronic Filing**

Honorable Vincent F. Papalia
United States Bankruptcy Judge
United States Bankruptcy Court
50 Walnut Street
Newark, New Jersey 07102

    Re:    Martin L. Laner, Debtor
            Chapter 7 Case No.: 19-14107 (VFP)
            Hearing Date: November 5, 2019 at 10:00 a.m.

Dear Judge Papalia:

We represent Martin L. Laner, the debtor (the "Debtor") in the above-referenced proceeding under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). Steven P. Kartzman is the Debtor's Chapter 7 Trustee (the "Trustee"). The Trustee has filed an objection to the Debtor's claims of exemption in an Amended Schedule C, docket no. 27 (the "Objection"). This was the second amendment of the Debtor's exemptions. Each amendment followed a trustee claim for turnover of property of the estate. Please accept this correspondence in lieu of a more formal memorandum in opposition to the Objection.

    A.    **The Debtors' Firearms**

The Debtor's original and first amended versions of Schedule C exempted the Debtor's interest in "4 pistols, 3 shotguns and 2 rifles" (valued at $2,000 in Schedule B) under the unused homestead exemption in 11 U.S.C. §522(d)(5).

The Amended Schedule C converts that claim to 11 U.S.C. §522(d)(3), i.e., household goods. The Trustee contests this claim.

The Debtor cites In re Gentry, 519 B.R. 531 (Bankr. D. MI 2014); In re Karraus, 276 B.R. 227, (Bankr. D. NE 2002); and In re Heath, 318 B.R. 115 (Bankr. D. KE 2004) for the proposition that firearms may be exempted as household goods.

The Debtor acknowledges that the cases may be read to differentiate between firearms maintained for household purposes, such as home defense or hunting, versus a collection. The Debtor has not testified that his firearms are a collection, hence, the Debtor maintains that his firearms are properly exemptible under 11 U.S.C. §(d)(3).

### B. The Pool Table

The Debtor also moved a pool table valued in Schedule B at $1,500 from (d)(5) to (d)(3) in the Amended Schedule C.

The Debtor did not claim a lower value for the pool table, and recognize that (d)(3) has a $600 per item limitation. Hence, the excess is acknowledged to be non-exempt. But the Trustee's claim that (d)(3) is inappropriate is incorrect, as a pool table is manifestly a household good.

The reality is that the Debtor has been trying to sell the pool table for some time without success. The pool table is too large to be moved without professional help, and the moving costs unfortunately exceed the actual value of the pool table. The Trustee is welcome to the pool table, the Debtor will happily take his $600.

### C. Conclusion

Based upon the foregoing, the Debtor requests that the Court enter an order (i) denying the Trustee's Objection seeking an order disallowing the Debtors' exemptions; and (ii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Stephen McNally

Stephen B. McNally

cc:  Steven P. Kartzman, Esq. (by ECF and e-mail, w/enc.)
Mr. Martin Laner (by regular mail, w/enc.)

2