**MELLINGER, SANDERS & KARTZMAN, LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Judah B. Loewenstein, Esq.
Tel. (973) 267-0220
jloewenstein@msklaw.net
*Attorneys for Steven P. Kartzman, Chapter 7 Trustee*



**Order Filed on January 3, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

|  |  |
|---|---|
| **In re:** | **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
| **MARTIN L. LANER,** | Case No.: 19-14107 (VFP) |
| **Debtor.** | Chapter 7 |
|  | Honorable Vincent F. Papalia |

**CONSENT ORDER RESOLVING TURNOVER OF PROPERTY OF
THE ESTATE TO THE TRUSTEE PURSUANT TO 11 U.S.C. § 542(a)
<u>AND TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTIONS</u>**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: January 3, 2020**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Debtor:     Martin L. Laner
Case No.:   19-14107 (VFP)
Caption:    Consent Order Resolving Turnover of Property of the Estate to the Trustee Pursuant to 11 U.S.C. § 542(a) and Trustee's Objection to Debtor's Exemptions

---

THIS MATTER having been brought before the Court by Steven P. Kartzman, the Court-appointed Chapter 7 Trustee (the "Trustee"), by and through his attorneys Mellinger, Sanders & Kartzman, LLC, on application for the entry of a Consent Order Resolving Turnover of Property of the Estate to the Trustee Pursuant to 11 U.S.C. § 542(a), and by way of an Objection to the Debtor's Claim of Exemptions (Dkt. No. 30); and the Trustee and the debtor, Martin L. Laner (the "Debtor") having agreed to amicably resolve the issues on the terms set forth herein, as appears from the signatures of counsel; it is hereby

ORDERED AS FOLLOWS:

1. The Debtor shall turnover to the Trustee the funds received from Panurgy, LLC, in the sum of $6,100 (the "Panurgy Payment") within ten (10) days of the date of entry of this Order.

2. The Debtor shall to pay to the Trustee the sum of $7,360.00 (the "Settlement Amount"), as follows:

   a. $817.77 paid by January 2, 2020 (the "Initial Payment");

   b. $817.77 per month, beginning with February 1, 2020, on the first of each month, for a total of 7 months (the "Monthly Payments"); and

   c. $817.84 paid by September 1, 2020 (the "Final Payment" and together with the Panurgy Payment, Initial Payment and the Monthly Payments the "Settlement Payments").

3. To the extent that the Debtor fails to make the required Settlement Payments, the Trustee shall file a certification of default with the Court on notice to the Debtor. Should the Debtor fail to cure the default within ten (10) days of the filing of a certification of default, the Court shall:

Debtor: Martin L. Laner
Case No.: 19-14107 (VFP)
Caption: Consent Order Resolving Turnover of Property of the Estate to the Trustee Pursuant to 11 U.S.C. § 542(a) and Trustee's Objection to Debtor's Exemptions

---

    a. Enter a non-dischargeable judgment against the Debtor in an amount equal to 1.5 times the Settlement Amount, less payments made to the Trustee (the "Judgment"); and

    b. Enter an order revoking the Debtor's discharge pursuant to 11 U.S.C. § 727(d).

4. The Debtor shall turnover to the Trustee all of the former inventory of Carey Lane Accents, within ten (10) days of a demand thereof, absent the Trustee's abandonment of said inventory.

5. The Debtor shall not have and/or assert any exemption claims as to any funds received by the estate pursuant to this Consent Order.

6. Once the Settlement Amount is paid to the Trustee, the Trustee shall abandon any and all claims to the Debtor's assets listed on the petition at Dkt. No. 1, No. 10, and No. 27, other than the Carey Lane Accents inventory.

7. The parties hereto shall execute any and all documents and pleadings reasonably necessary to implement all of the foregoing provisions.

8. The terms of this Consent Order are subject to the Court's approval and the issuance of a Notice of Settlement (the "Notice") and the following:

    (a) If no objection to the Notice is filed, the issuance and docketing of a Certification of No Objection by the Clerk of the Bankruptcy Court; or

    (b) If any objection to the Notice is filed, the overruling of any such objection by this Court.

In the event that an objection to the settlement is filed and sustained, the parties shall be restored to their pre-settlement positions.

Case 19-14107-VFP    Doc 45    Filed 01/03/20    Entered 01/03/20 09:50:27    Desc Main
Document    Page 4 of 4

Page 4 of 4
Debtor: Martin L. Laner
Case No.: 19-14107 (VFP)
Caption: Consent Order Resolving Turnover of Property of the Estate to the Trustee Pursuant to 11 U.S.C. § 542(a) and Trustee's Objection to Debtor's Exemptions

9. The parties, and anyone who succeeds to their rights and responsibilities hereunder, including their successors and/or assigns, are bound by this Consent Order. This Consent Order is made for the benefit of the parties and all who succeed to their rights and responsibilities.

10. The Bankruptcy Court shall retain exclusive jurisdiction to adjudicate all matters arising under or in connection with this Consent Order.

*The undersigned hereby consent to the form and entry of the within Order:*

| MELLINGER, SANDERS & KARTZMAN, LLC | McNALLY & BUSCHE, LLC |
|---|---|
| *Attorneys for Trustee* | *Attorneys for Debtor* |
| By: <u>Judah B. Loewenstein</u>    JUDAH B. LOEWENSTEIN, ESQ. | By: <u>Stephen B. McNally</u>    STEPHEN B. MCNALLY, ESQ. |
| Dated: December 26, 2019 | Dated: December 23, 2019 |